IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          Criminal No. 03-568 WJ

ARTURO AYALA, a/k/a "Tony"
a/k/a "Cockroach", KELLY FERNANDEZ,
GABRIEL DAVID GOMEZ, THOMAS
KELLY, CHARLES ANTHONY ROYBAL,
a/k/a Anthony C. Roybal, a/k/a Anthony Carlos
Roybal, a/k/a Carlo Roybal, a/k/a Carlos Roybal,
and a/k/a Carlo A. Roybal, ENRICO ADRIAN
ROYBAL,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT ROYBAL'S MOTION TO RELEASE ASSETS**

THIS MATTER comes before the Court pursuant to Defendant Charles Anthony Roybal's Motion to Release Assets [Docket No. 171]. A hearing was held on the motion on September 24, 2003. Subsequently, at the Court's request, the parties filed supplemental briefs on the substitute assets provision of 21 U.S.C. § 853. Having reviewed the submissions of the parties including oral argument at the hearing and the applicable law, I find the motion is not well taken and will be denied.

**BACKGROUND**

On or about June 25, 2003, Defendant Roybal was charged by a grand jury in a superseding indictment with 68 various counts.[1] Count 1 charges conspiracy to distribute

---

[1] Defendant Roybal was initially indicted on March 25, 2003.

marijuana under 21 U.S.C. §§ 846; 841(a)(1) and (b)(1)(A).  Counts 2 through 67 involve charges of aiding and abetting money laundering under 18 U.S.C. § 1956(a)(1)(B)(I) and § 2 and structuring transactions to avoid reporting requirements under 31 U.S.C. § 5324(a)(3).  Count 68 involves criminal forfeiture of specific real and personal property and bank accounts pursuant to 21 U.S.C. § 853.  The superseding indictment specifies in Count 68 that if certain specific forfeitable property cannot be located, has been transferred to a third party, placed beyond the Court's jurisdiction or has been substantially diminished in value, then pursuant to 21 U.S.C. § 853(p) certain specified substitute property will be forfeited.

The United States, pursuant to 21 U.S.C. § 853(e)(1)(A), restrained certain of Defendant Roybal's assets pending trial.  These included a Compass bank account and several real properties delineated in the superseding indictment as substitute assets.[2]  Defendant Roybal seeks release of these substitute assets in order to retain private counsel.

**DISCUSSION**

I.  DOES SECTION 853(e)(1)(A) AUTHORIZE PRETRIAL RESTRAINT OF SUBSTITUTE ASSETS?

Defendant argues that 21 U.S.C. § 853(e)(1)(A) authorizes the pretrial restraint of assets which have a nexus to the underlying crime charged in the indictment but does not authorize the pretrial restraint of substitute assets.  Property that has a nexus to the underlying criminal charge

---

[2]Defendant's reply brief alleges that a 1997 Corvette and 1978 Rolls Royce are also restrained by notice of *lis pendens*.  The Government's response had indicated these vehicles are not restrained in any way.  Defendant Roybal's affidavit in support of his motion states that these vehicles are of minimal value.  The fact that Defendant asserts these vehicles are of no value in order to support his argument that he has no assets available to him supports the Government's assertion that these vehicles are not restrained.  Moreover, the Court is not aware of a notice of *lis pendens* that may be filed with regard to any property other than real property.

is forfeitable and is defined as:

> (a) Property subject to criminal forfeiture
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law--
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and
> (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.
> The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II of this chapter, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

21 U.S.C. § 853(a).

If property that has a nexus to the underlying criminal charge is unavailable for specified reasons, substitute assets are subject to forfeiture as follows:

> (p) Forfeiture of substitute property
> (1) In general
> Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant--
> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;
> (C) has been placed beyond the jurisdiction of the court;
> (D) has been substantially diminished in value; or
> (E) has been commingled with other property which cannot be divided without difficulty.
> (2) Substitute property
> In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

21 U.S.C. § 853(p).

    The source of authority for the pretrial restraint of forfeitable assets reads in relevant part:

    (e) Protective orders
    (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section--
    (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section . . ..

21 U.S.C. § 853(e)(1)(A).

    In construing a statute, a court's overriding purpose is to determine congressional intent. Chickasaw Nation v. United States, 208 F.3d 871, 878 (10th Cir. 2000) (citing Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 570 (1982)).  To determine a statute's plain meaning, a court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.  Chickasaw Nation, 208 F.3d at 878 (citing K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291 (1988)).

    The Tenth Circuit has not specifically addressed whether substitute assets are subject to pretrial restrain under 21 U.S.C. § 853(e)(1)(A).  Defendant Roybal argues that the Tenth Circuit opinion in United States v. Jones, 160 F.3d 641 (10th Cir. 1998) precludes a finding that substitute assets are subject to pretrial retention.  In Jones, the Tenth Circuit decided that a defendant is entitled to a pretrial hearing on the restraint of forfeitable assets if he shows that he needs the assets for reasonable legal fees and living expenses and that the grand jury erred in determining that the assets are traceable to the underlying offense.  160 F.3d at 647.  Defendant

urges that, in light of Jones, substitute assets are not subject to pretrial restraint because they are not traceable to the underlying offense. The Tenth Circuit panel deciding Jones did not have before it the issue of whether 21 U.S.C. § 853(e) authorizes the pretrial restraint of substitute assets. Thus, Jones is not dispositive of the issue here.

21 U.S.C. § 853 was enacted by Congress as part of the Criminal Forfeiture Act of 1984. See Pub.L. 98-473, § 303, 98 Stat.2044. Prior to the enactment of § 853, criminal forfeiture was obtained pursuant to the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1961 et seq., or the Continuing Criminal Enterprise (CCE) statute, 21 U.S.C. § 848. See S.Rep. No. 98-225, at 193 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3376. These statutes did not authorize the government to forfeit property that a criminal defendant disposed of in anticipation of the criminal proceedings. Id. at 195, reprinted in 1984 U.S.C.C.A.N. at 3378. Thus, when Congress enacted the Criminal Forfeiture Act of 1984, it amended RICO's criminal forfeiture procedure to address its deficiencies and created 21 U.S.C. § 853, which "is, in nearly all respects, identical to the RICO criminal forfeiture statute as amended." Id. at 198, 209, 198, reprinted in 1984 U.S.C.C.A.N. at 3381, 3392.

The purpose of Section 853(e)(1)(A) is to preserve assets and assure the availability of property pending disposition of the criminal case. Jones, 160 U.S. at 647 (citing S.Rep. No. 98-225, at 202, 204, 1984 U.S.C.C.A.N. at 2285, 3387). Congress mandated that Section 853 be "liberally construed to effectuate its remedial purposes." 21 U.S.C. § 853(o). Liberal construction requires reading Section 853 as a whole rather than reading its subsections in isolation. See K Mart Corp. v. Cartier, Inc., 486 U.S. at 291; In re Billman, 915 F.2d 916, 921 (4th Cir. 1990) (construing RICO forfeiture provisions).

Section 853(e)(1)(A), in outlining the pretrial restraint of forfeitable property, specifically refers to property described in subsection (a) and does not refer to property described in subsection (p). However, this does not preclude application of the pretrial restraint provisions of subsection (e) to property described in subsection (p). In re Billman, 915 F.2d at 922 (substitute assets subject to restraint; United States v. Regan, 858 F.2d 115 (2nd Cir. 1989) (substitute assets subject to pretrial restraint); See also United States v. McHan, 345 F.3d 262, 271 (4th Cir. 2003) (construing relation-back provision of Section 853(c) as applying to substitute assets); But see United States v. Rapinsky, 20 F.3d 359, 362-63 (9th Cir. 1994) (substitute assets not subject to pretrial restraint); United States v. Floyd, 992 F.2d 498, 501 (5th Cir. 1993) (substitute assets not subject to pretrial restraint); In re Assets of Martin, 1 F.3d 1351 (3rd Cir. 1993) (substitute assets not subject to pretrial restraint). The language of Section 853(e)(1)(A) is inconclusive with regard to whether it applies to property described in 853(p). See Jones, 160 F.3d at 644 (noting that Section 853 does not expressly provide for a post-restraint pretrial hearing but that it does not expressly prohibit one).

The language of Section 853(p) suggests that substitute property is the equivalent of property described in Section 853(a). See McHan, 345 F.3d at 271. In order to effect the remedial purposes of Section 853, subsection (e)(1)(A) should be read in conjunction with subsection (p) to preserve the availability of substitute assets pending trial. See Billman, 915 F.2d at 921. Thus, I conclude that Section 853(e)(1)(A) authorizes the pretrial restraint of substitute assets.

II.   HAS DEFENDANT MADE A SHOWING SUFFICIENT TO ENTITLE HIM TO A JONES HEARING?

The Tenth Circuit has held that a Defendant challenging the pretrial restraint of allegedly forfeitable property is entitled to a hearing if he shows 1) that he needs the restrained assets for reasonable legal fees and living expenses; and 2) that the grand jury erred in determining that the assets are traceable to the underlying offense.  Jones, 160 F.3d at 647.  Having determined that substitute assets may be restrained pending trial pursuant to Section 853(e)(1)(A), the Court must determine whether Defendant Roybal has made the threshold showing outlined in Jones.

In Defendant's Memorandum in support of his motion, counsel for Defendant Roybal asserts that "Defendant's absolute lack of assets with which to retain private counsel is unrebuttable."  See Docket No. 172 p. 3.  Defendant swore out an affidavit avowing that he has no assets other than those restrained by the United States with which to retain counsel.  See Exhibit A.  He avers that, contrary to the allegations of the Government, he has no ownership interest in a piece of an unrestrained piece of real property.  Id.  He states under oath that a 1997 Corvette and 1978 Rolls Royce Silvercloud are of minimal value as each has been wrecked and neither is fully restored.  Id.

In his Reply brief, counsel for Defendant argues that real properties that are subject to notices of *lis pendens* filed by the government cannot provide Defendant any income through rents because several are undeveloped, any rents obtained would be insufficient to pay for continued retention of Defendant's counsel, and Defendant's incarceration makes it impossible for him to manage his properties for rental purposes.

With regard to Defendant's affidavit, I find his averments with regard to his assets and their value not credible.  Specifically, I am having difficulty accepting Defendant's sworn assertion that his 1978 Rolls Royce Silvercloud and 1997 Corvette have minimal value.  Additionally, the

photograph of the 1997 Corvette introduced into evidence at the hearing portrayed what appeared to be a late model Corvette in excellent condition.  With regard to the assertions in Defendant's briefs, argument of counsel is not evidence and does not assist Defendant in making a showing that the restrained assets are necessary in order for Defendant to pay reasonable legal fees and living expenses.  Moreover, counsel's assertions with regard to the rental value and impossibility of managing the rental of Defendant's real property are speculative.  Thus, Defendant has failed to show that the restrained assets are needed to pay reasonable legal fees and living expenses.

**CONCLUSION**

      IT IS THEREFORE ORDERED that Defendant Charles Anthony Roybal's Motion to Release Assets [Docket No. 171] is hereby DENIED.

                                                                                      _____
                                                                               UNITED STATES DISTRICT JUDGE